IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATASHA CALVERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3683 |
| | § | |
| BRACHFELD LAW GROUP, P.C. | § | |
| d/b/a LAW OFFICES OF BRACHFELD | § | |
| & ASSOCIATES, MERIDIAN | § | |
| MANAGEMENT SOLUTIONS, LLC, | § | |
| and ANTHONY ANDERSON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending is Plaintiff Latasha Calvert's Motion to Remand (Document No. 3). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the case must be remanded to the 125th Judicial District Court, Harris County, Texas.

## I.  Background

Plaintiff Latasha Calvert ("Plaintiff") originally brought suit in state court against only Anthony Anderson ("Anderson"), alleging assault and intentional infliction of emotional distress.[1] She alleged that she was employed as a collections agent by Brachfeld Law Group, P.C. and/or its affiliated entities from late

---

[1] Document No. 1, ex. C (Orig. Pet.).

June 2011 through mid-August 2011, and that Anderson was her supervisor.[2] Plaintiff claims that Anderson sexually harassed her, which harassment included offensive sexual comments, inappropriate touching, exposing himself to Plaintiff (both in his office and with pictures he put on her cell phone), and threatening to fire Plaintiff if she did not perform certain sexual acts.[3] She states that on one occasion she fulfilled his demand for a sexual act when Anderson threatened that either Plaintiff or a co-worker would be fired.[4] After her compliance, the named co-worker was fired the following day.[5]

Subsequently, Plaintiff added Brachfeld Law Group, P.C. and Meridian Management Solutions, LLC (collectively referred to as "Brachfeld") as defendants in an amended complaint.[6] Plaintiff sought relief from Brachfeld under the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. § 21.001 et seq. (West 2006), for gender discrimination, sexual harassment, sexual harassment quid pro quo, hostile work environment, and retaliation.[7] In

---

[2] Id., ex. C at 2.

[3] Id., ex. C.

[4] Id., ex. C at 3.

[5] Id.

[6] Document No. 1, ex. C at 51-60 (1st Am. Cmplt.).  These two defendants "jointly own and operate a debt collection service with agencies located throughout the country."  Document No. 1 at 2.

[7] Document No. 1, ex. C at 58.

support of her TCHRA claim, Plaintiff alleges that she reported Anderson's conduct to her training manager, and that her training manager told her to inform a payroll employee named Suzanne. Plaintiff went twice to see Suzanne, and put notes under her door regarding Anderson's conduct because Suzanne was not there. Plaintiff alleges that nothing was done to address Anderson's conduct, and eventually Plaintiff left the job "to protect her personal welfare."[8]  Based on the same description of Anderson's actions and conduct, Plaintiff asserts claims against Anderson individually for assault and intentional infliction of emotional distress.[9]

Brachfeld removed this case to federal court, contending that this Court has jurisdiction based on complete diversity of citizenship because Anderson was improperly joined as a defendant. Plaintiff moves to remand, contending that Anderson is a proper defendant in this suit.[10]

## II.   Motion to Remand

### A.   Improper Joinder Standard

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in

---

[8] Id., ex. C at 57.

[9] Id., ex. C at 59.

[10] Document No. 3.

3

the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant.  Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003).  Here, Defendants do not assert that Plaintiff fraudulently pleaded jurisdictional facts, so only the second prong is at issue.  Under this prong, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant.  Id. at 462.  A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one.  Id.  The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citing Ross, 344 F.3d at 462-63); *accord* Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003).  Whether or not to "pierce the pleadings" is discretionary, and may be appropriate in order to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004).  The focus of this summary inquiry must be on whether the

4

defendants were improperly joined in order to defeat diversity, not on the overall merits of the plaintiff's case.   Id. at 573.

The party claiming fraudulent joinder bears a "heavy" burden of persuasion.   Id.   All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand.   Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

B.   Analysis

Brachfeld contends that Plaintiff's assault and intentional infliction of emotional distress ("IIED") claims against Anderson are preempted by the TCHRA and/or are insufficiently pled.[11]

The TCHRA prohibits *an employer* from discriminating against someone on the basis of race, color, disability, religion, sex, national origin, or age.   TEX. LABOR CODE § 21.051 (West 2006). Plaintiff cannot seek--and has not sought--recovery against Anderson under the TCHRA.   *See* Swafford v. Bank of America Corp., 401 F. Supp. 2d 761, 764 (S.D. Tex. 2005) (Rosenthal, J.) ("Texas federal and state courts have uniformly denied recovery for TCHRA claims against individual supervisors and fellow employees.") (citing cases).   Brachfeld argues that to allow Plaintiff to seek

---

[11] Document No. 6 at 2.

recovery against Anderson based on common law tort claims would circumvent the statutory scheme created by the Texas legislature in the TCHRA for addressing workplace sexual harassment.

In <u>Waffle House, Inc. v. Williams</u>, the Texas Supreme Court held that "employer liability for unwanted sexual touching by a coworker (simply assault under Texas law given its 'offensive or provocative' nature) is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment." 313 S.W.3d 796, 803 (Tex. 2010). However, in so holding, the Court expressly stated that its holding did not bar "a tort claim against the harasser/assailant individually." <u>Id.</u> at 799. Brachfeld cites to no Texas state or federal case law holding that the TCHRA prevents an individual from bringing a separate assault claim against an assailant, whether a co-worker or a supervisor, simply because that individual also may have a discrimination claim against the employer under the TCHRA. *But cf.* <u>Green v. Indus. Specialty Contractors, Inc.</u>, 1 S.W.3d 126, 134-35 (Tex. App.-- Houston [14th Dist.] 1999, no pet. h.) (finding fact issue remained on plaintiff's assault claim against supervisor for touching her buttocks in case where plaintiff also brought sexual harassment claim against employer under the TCHRA); <u>E.E.O.C. v. Commercial Coating Serv., Inc.</u>, Civ. A. No. H-03-3984, 2005 WL 6439215, at *4 (S.D. Tex. May 31, 2005) (Ellison, J.) (finding intentional infliction of emotional distress claim not available because

plaintiff could raise claims under "Title VII, the TCHRA, and the common law theory of assault" for workplace sexual incident and choking incident that were part of the overall harassing conduct against plaintiff based on his race).[12]

Brachfeld further contends that Plaintiff failed adequately to plead a claim for assault. As relevant to this case, an assault occurs when a person "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE § 22.01(a)(3); Waffle House, 313 S.W.3d at 801; Loaisiga v. Cerda, 379 S.W.3d 248, 256 (Tex. 2012) ("The elements of a civil assault mirror those of a criminal assault."). Brachfeld argues that the only alleged "potentially injurious or offensive physical contact" between Plaintiff and Anderson was the sexual act Plaintiff performed after Anderson threatened to terminate her if she did not comply with his request. Brachfeld contends that because Plaintiff consented, this contact

---

[12] Unlike assault, the Texas Supreme Court has held that intentional infliction of emotional distress claims cannot be brought against an employer or a supervisor for workplace harassment. Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005). In so holding the court stated: "[I]ntentional infliction of emotional distress is a "gap-filler" tort never intended to supplant or duplicate existing statutory or common-law remedies. Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." See also Martinez v. Computer Sciences Corp., No. A-05-CA-187-SS, 2005 WL 3414828, at *3 (W.D. Tex. May 16, 2005) (finding that after Creditwatch, "a plaintiff may no longer bring an IIED claim against a supervisor for workplace harassment under Texas law").

does not constitute assault.  Aside from Brachfeld's view that Plaintiff's act was consensual, Plaintiff's complaint also alleges other contacts, including that Anderson would "brush up against" her while making "dirty and sexual comments."  The Court cannot say, given the totality of Plaintiff's complaints against Anderson, that it is not reasonably possible for her to recover against him for assault.  *See* Waffle House, 313 S.W.3d at 799-800 (plaintiff's assault claim against her co-worker was based on instances of the co-worker inappropriately touching plaintiff and making offensive sexual comments); Howe v. Yellowbook, USA, 840 F. Supp. 2d 970, 982 (N.D. Tex. 2011) (finding that plaintiff's allegations that supervisor "touched her and attempted to force her into having sex" was sufficient to state a claim for assault and battery). Plaintiff has stated a reasonable basis for recovery against Anderson, and Defendants have not shown that Anderson was improperly joined to defeat diversity jurisdiction.

### III.  Order

Based on the foregoing, it is

ORDERED that Plaintiff Latasha Calvert's Motion to Remand (Document No. 3) is GRANTED, and this case is REMANDED to the 125th Judicial District Court, Harris County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 125th Judicial District Court of Harris County, Texas,

as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 26TH day of March, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

9